IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

**ROBERT L. JOHNS,**
in his capacity as GC Plan Administrator
and as Spill Claim Plan Administrator
for Freedom Industries, Inc., and
**FREEDOM INDUSTRIES, INC.,**
a domestic corporation,

**Plaintiff**

v.                                         Civil Action No.: __2:16-cv-1775__

**EASTMAN CHEMICAL COMPANY,**
a Delaware Corporation,

**Defendant**

### EASTMAN CHEMICAL COMPANY'S NOTICE OF REMOVAL

Defendant, Eastman Chemical Company ("Eastman"), hereby removes Civil Action No. 16-C-61 from the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, Charleston Division, pursuant to 28 U.S.C. §1332, §1441, §1446, or, alternatively, pursuant to 28 U.S.C. §1452(a). In support of this Notice of Removal, Eastman respectfully represents as follows:

1.  On Thursday, January 9, 2014, a chemical release from the Freedom Industries plant site in Charleston, West Virginia, into the Elk River was discovered. Numerous claims have been made that the discharged chemical or chemicals contaminated the potable water supply in a nine county area including and around the city of Charleston.

2.  On January 19, 2016, Plaintiff filed this action against Eastman. This Complaint was not served on Eastman. A copy of this Complaint is attached hereto as *Exhibit A*. Thereafter, on January 25, 2016 Plaintiff filed an Amended Complaint, and this Amended

Complaint and Summons were served on the West Virginia Secretary of State on January 25, 2016. A copy of the Summons and Amended Complaint are attached hereto as *Exhibit B*.

3. In this action Plaintiff asserts that he is the court-appointed GC Plan Administrator and Spill Claim Plan Administrator of Freedom Industries, Inc. by Order entered Oct. 6, 2015. See *Exhibit B*, Amended Complaint at Para. 2.

4. This Order was entered by the United States Bankruptcy Court, Southern District of West Virginia, in the case styled "In Re Freedom Industries, Inc. debtor," Case No. 2:14-bk-20017 (the "Bankruptcy"). See *Exhibit C*.

5. In the Amended Complaint filed herein the Plaintiff alleges that he is asserting claims on behalf of Freedom Industries, Inc. for economic loss, remediation costs, out of pocket expenses, lost equity, lost profits, claim expenses, attorneys' fees and bankruptcy fees. See *Exhibit B* generally.

6. The Plaintiff also seeks recovery of punitive damages. See *Exhibit B* at Para. 43.

7. As of the date of this Notice of Removal, no proceedings have occurred in the Circuit Court of Kanawha County, West Virginia, nor has Defendant filed a responsive pleading to the Complaint. An Order has been entered on January 28, 2016 by the Supreme Court of Appeals of West Virginia granting a motion to refer all civil actions involving the same or similar common questions of law or fact concerning the chemical leak of January 9, 2014 and water contamination issues to the West Virginia Mass Litigation Panel. A copy of this Order is attached hereto as *Exhibit D*. It is unknown if this Order applies to this civil action. Eastman reserves its right to assert any and all defenses to the Amended Complaint, including insufficient service of process.

**28 U.S.C. §1334(b) "Related To" Bankruptcy Jurisdiction**

8.  Pursuant to 28 U.S.C. §1334(b), the District Court has jurisdiction over proceedings *related to* a Title 11 (*i.e.*, bankruptcy) case.

9.  On January 17, 2014, Freedom Industries, Inc. ("Freedom"), filed the Bankruptcy, and the civil claims and proceedings filed by the Plaintiff in this case are related to the Bankruptcy. In *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5, 308 (1995), the Supreme Court (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d. Cir. 1984)) described the usual test for determining whether a civil case is related to bankruptcy as:

> whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy* . . . . Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

The Fourth Circuit has emphasized that the *Pacor* test "does not require certain or likely alteration of the debtor's rights, liabilities, options or freedom of action, nor does it require certain or likely impact upon the handling and administration of the bankruptcy estate." *In re The Celotex Corporation*, 124 F.3d 619, 626 (4th Cir. 1997). Rather, a mere "possibility of such alteration or impact is sufficient to confer jurisdiction." *Id.* The category of cases falling within this grant of jurisdiction is therefore "quite broad," *Bergstrom v. Dalkon Shield Claimants Trust (In re A.H. Robins Co., Inc.),* 86 F.3d 364, 372 (4th Cir. 1996), and includes proceedings that are not "against the debtor or his property." *New Horizon of N.Y. LLC v. Jacobs,* 231 F.3d 143, 151 (4th Cir. 2000).

10.  It is readily apparent that Plaintiff's claims in this action are related to the Bankruptcy. Pursuant to Paragraph 17 of the Order, the Plaintiff's obligations and responsibilities are solely derivative of the Order and Freedom's confirmed Chapter 11 Plan of

3

Liquidation ("Plan"). Indeed, Plaintiff's sole authority and existence is to act "[i]n furtherance of, and consistent with the purpose of the Plan" to carry out and "be responsible for all decisions and duties under the Plan." To that end, and to specifically establish that Plaintiff's actions are related to the Bankruptcy, Paragraph 22 of the Order specifically states that "the Bankruptcy Court *shall retain* and *shall have exclusive jurisdiction* over any matter…(b) arising in or related to the Case or the Plan; or (c) that relates to the matters set forth in Article XII of the Plan." (emphasis added). Article XII, Section 12.1(b) of the Plan specifically states that the Bankruptcy Court "shall retain jurisdiction…to determine any …other litigated matter pending on or commenced after the Confirmation Date, including, without limitation, any proceeding to recover a Cause of Action not otherwise waived and released under the Plan." See Plan, a copy of which is attached hereto as ***Exhibit E***. Accordingly, Plaintiff's claims and its sole responsibilities are related to the Bankruptcy.

11. It is also readily apparent that the outcome of this action impacts the handling and administration of the bankruptcy estate. Plaintiff seeks actual damages and punitive damages against Eastman. If Plaintiff obtains monetary damages as a result of this action, then such recovery must be distributed by Plaintiff to General Unsecured Creditors (Class 3 of the Plan) and Spill Claims Creditors (Class 5 of the Plan) and as otherwise set forth in the Plan. See Plan at Article IV. Accordingly, any recovery by Plaintiff against Eastman will have an impact on the handling and administration of the bankruptcy estate.

**28 U.S.C. §1332 Diversity Jurisdiction**

12. There is also complete diversity of citizenship between the Plaintiff and the Defendant in this action.

4

13. At the time of the filing of the Amended Complaint, Plaintiff Robert L. Johns was acting in his official capacity as the GC Plan Administrator and Spill Claim Plan Administrator, pursuant to the Order entered in the Bankruptcy. Further, pursuant to the Order, the debtor Freedom Industries, Inc., a corporation incorporated in West Virginia with its principal place of business in West Virginia, shall only exist for a period of time as long as is necessary to facilitate or complete the recovery and liquidation of the Causes of Action and distribution of their proceeds.

14. At the time of the filing of the Amended Complaint, Defendant Eastman Chemical was not a citizen of the State of West Virginia as it was not incorporated in West Virginia and its principal place of business was not located in West Virginia.

15. As of the filing of this Notice, upon information and belief, the citizenship of the respective parties is unchanged.

16. Plaintiff does not seek a specific amount in his Amended Complaint, although the Plaintiff does seek recovery of punitive damages. In addition, the Plaintiff asserts that it incurred "millions of dollars in remediation expenses." Thus, the amount in controversy in this matter, exclusive of interest and costs, actually exceeds the sum of Seventy-Five Thousand Dollars ($75,000).

**28 U.S.C. §1446 Procedural Requirements for Removal**

17. The Circuit Court of Kanawha County is located in the Southern District of West Virginia. Therefore, removal to this Court is proper because the United States District Court for the Southern District of West Virginia, Charleston Division, is the district court for the district and division in which the state court action is pending. *See* Local R. Civ. P. 77.2. Thus, venue is

proper in this Court because it is in the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §1441(a).

18. As of the date of this Notice of Removal, Eastman has not been served with the Summons and Complaint, or any other "process, pleadings, and orders." 28 U.S.C. §1446(a). Therefore its 30 day period to remove the matter has not begun to run and this removal is timely. A copy of the Circuit Court docket sheet is attached hereto as ***Exhibit F***.

19. This Notice of Removal removes the entire action, including all parties and claims.

20. With regard to removal under related to bankruptcy jurisdiction, under 28 U.S.C. §1452(a), "[a] party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title." Pursuant to 28 U.S.C. §1334(b), this Court has "related to" jurisdiction over the matter. In accordance with Fed. R. Bankr. P. Rule 9027(a)(3) Eastman states that this Notice is timely because this notice of removal is filed within 30 days of the service of the Amended Complaint in this matter; this is a non-core proceeding; and Eastman does not consent to the entry of final orders or judgment by a bankruptcy judge.

21. Eastman reserves the right to amend or supplement this Notice of Removal as may be appropriate.

22. Eastman reserves all defenses in this action.

23. In accordance with 28 U.S.C. §1446(d), Eastman will file a true and correct copy of this Notice of Removal with the Clerk of the Circuit Court of Kanawha County, West Virginia, and will serve a copy on Plaintiff.

**NOW THEREFORE**, all parties to Cause No. 16-C-61 pending in the Circuit Court of Kanawha County, West Virginia are **HEREBY NOTIFIED** as follows:

**Removal of Cause No. 16-C-61 from the Circuit Court of Kanawha County, West Virginia, and all claims and causes of action therein to the United States District Court for the Southern District of West Virginia, Charleston Division was effected upon the filing of a copy of this Notice of Removal with the Clerk of the Circuit Court of Kanawha County. Cause No. 16-C-61 is removed from the Circuit Court of Kanawha County to the United States District Court for the Southern District of West Virginia, Charleston Division. The parties to Cause No. 16-C-61 shall proceed no further in the Circuit Court of Kanawha County unless and until the action is remanded by the United States District Court for the Southern District of West Virginia.**

/s/ Marc E. Williams
Marc E. Williams (WV Bar No. 4062)
Robert L. Massie (WV Bar No. 5743)
Melissa Foster Bird (WV Bar No. 6588)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
949 Third Ave., Suite 200
Huntington, WV 25701
Phone: (304) 526-3501
Fax: (304) 526-3541
Email: marc.williams@nelsonmullins.com
Email: bob.massie@nelsonmullins.com
Email: melissa.fosterbird@nelsonmullins.com

**COUNSEL FOR DEFENDANT EASTMAN CHEMICAL COMPANY**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# AT CHARLESTON

**ROBERT L. JOHNS,**
in his capacity as GC Plan Administrator
and as Spill Claim Plan Administrator
for Freedom Industries, Inc., and
**FREEDOM INDUSTRIES, INC.,**
a domestic corporation,

**Plaintiff**

v.                                                 Civil Action No.: 2:16-cv-1775

**EASTMAN CHEMICAL COMPANY,**
a Delaware Corporation,

**Defendant**

## CERTIFICATE OF SERVICE

This undersigned attorney hereby certifies that a copy of the foregoing ***"Eastman Chemical Company's Notice of Removal"*** has been served on the 23rd day of February, 2016. This Certificate of Service is being provided to the Court and counsel through the ECF system.

Anthony J. Majestro
J.C. Powell
**POWELL & MAJESTRO, PLLC**
405 Capitol Street, Suite, P1200
Charleston, West Virginia 25301
Phone: 304-346-2889
Fax:    304-346-2895

Brian R. Blickenstaff
**Turner & Johns, PLLC**
216 Brooks Street, Suite 200
Charleston, WV  25301
Phone: 304-720-2300
Fax:    304-720-2311

/s/ Marc E. Williams