IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

ROBERT L. JOHNS, in his capacity as
GC Plan Administrator and as Spill Claim
Plan Administrator for Freedom Industries, Inc.,
and FREEDOM INDUSTRIES, INC.,
a domestic corporation,

        Plaintiffs,

v.                                                    Civil Action No. 16-C-61
                                                  Judge Tabit

EASTMAN CHEMICAL COMPANY,
a Delaware corporation,

        Defendant.

## COMPLAINT

Robert L. Johns, on behalf of Freedom Industries, Inc. and all the General Claimants and the Spill Claimants against Freedom Industries, Inc., alleges as follows:

### JURISDICTIONAL STATEMENT

1. The Plaintiff Robert L. Johns is the court-appointed GC Plan Administrator and Spill Claim Plan Administrator of Freedom Industries, Inc., by Order entered October 6, 2015. By such appointment, the Plaintiff represents General Claim and Spill Claim individuals and/or entities which have suffered economic losses, property losses, and non-economic losses or injuries as the result of the crude MCHM spill.

2. The Plaintiff Freedom Industries, Inc. is a domestic corporation with its principal place of business in Charleston, West Virginia. Freedom Industries filed Chapter 11 on January 17, 2014. Robert L. Johns is its court-appointed administrator by Order entered October 6, 2015.



3. The Defendant Eastman is a Delaware corporation with its principal place of business in Kingsport, Tennessee. As the manufacturer and distributor of Crude MCHM, Defendant Eastman had a duty to protect the General Plan Claimants and Spill Claimants from and give adequate warning of the dangers stemming from the use of and release of Crude MCHM in the Elk River in Kanawha County, West Virginia. Through its acts and omissions, Eastman negligently characterized the risks of Crude MCHM, failed to properly warn of Crude MCHM's characteristics, potential environmental and health hazards and sold a dangerous chemical to the Plaintiff Freedom Industries upstream from a municipal water supply that subsequently resulted in general claims and spill claims as a result of Crude MCHM.

## FACTUAL BACKGROUND

Plaintiffs incorporate and restate all of the above and further plead:

4. On January 9, 2014, approximately 300,000 West Virginians lost their water supply as a result of a spill of a coal processing chemical mixture sold and distributed exclusively by the Defendant Eastman Chemical Company ("Eastman") from a facility owned and operated by Freedom Industries, Inc. ("Freedom Industries" or "Freedom") upstream from West Virginia-American Water Company's ("WVAWC") water treatment plant in Charleston, West Virginia. This water treatment plant is located in Kanawha County, West Virginia.

5. The chemical, 4-methylcyclohexane methanol, along with other chemicals, commonly referred to as "Crude MCHM," spilled into the Elk River just above its confluence with the Kanawha River in downtown Charleston, West Virginia.

6. Eastman sold Crude MCHM to Freedom Industries without disclosing its corrosive properties, the requirements to contain Crude MCHM in non-corrosive tanks, such as stainless steel storage tanks and other essential information for the safe use of Crude MCHM.

7. Eastman sold Crude MCHM to Freedom Industries without disclosing reasonable safety data regarding Crude MCHM's exposure to humans and safety protocol in handling Crude MCHM.

8. As a result of the corrosion of the Freedom Industries storage tank, Crude MCHM then began to enter the intake for the water treatment plant. The Defendant failed to provide essential, adequate and fair warning about the true dangers of Crude MCHM and its breakdown chemicals to the Plaintiffs.

9. The Defendant could have prevented or avoided this incident with better precautionary measures, compliance with applicable regulations, and the use of reasonable care. The foreseeable risks of harm posted by Crude MCHM could have been reduced or avoided by reasonable instructions or warnings accompanying the sale and delivery of Crude MCHM in the stream of commerce, through the MSDS process and when it became clear that Crude MCHM had been released into the environment. Those omissions by the Defendant render the product not reasonably safe. The exposure to Crude MCHM in the environment through human pathways caused bodily injury and has created spill claims and general claims.

10. The Defendant failed to advise Freedom Industries and others, including the General Claimants and the Spill Claimants, of the risks presented with Crude MCHM.

11. Freedom Industries, Spill Claimants and General Claimants have been injured as a result of the Defendant's actions.

## COUNT ONE
## BREACH OF CONTRACT

Plaintiffs incorporate and restate all of the above and further plead:

3

12. Defendant has a contractual duty of good faith and fair dealing implied in every contract that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the benefit of their contract.

13. Defendant failed to fully advise the Plaintiff Freedom Industries of risk of Crude MCHM and did not act in good faith and fair dealing.

14. Plaintiffs contend that Freedom Industries, General Claimants and Spill Claimants were damaged as a proximate result of Defendant's breach of its contractual duties of good faith and fair dealing.

## COUNT TWO
## BREACH OF WARRANTY

Plaintiffs incorporate and restate all of the above and further plead:

15. Defendant breached its warranty that the product was safe for its intended use to the Plaintiffs.

16. Plaintiffs contend that Freedom Industries, General Claimants and Spill Claimants were damaged as a proximate result of Defendant's breach of its warranty.

## COUNT THREE
## FRAUD

Plaintiffs incorporate and restate all of the above and further plead:

17. Defendant failed to advise of the inherent risks of Crude MCHM.

18. Defendant failed to disclose the corrosive properties of Crude MCHM to Freedom Industries.

19. Defendant failed to advise Freedom Industries how to store Crude MCHM safely.

20. Plaintiffs contend Freedom Industries, General Claimants and Spill Claimants were damaged as a proximate result of Defendant's actions.

## COUNT FOUR
## PRODUCT LIABILITY

Plaintiffs incorporate and restate all of the above and further plead:

21. Defendant had a duty to sell a safe product with proper labeling. The Defendant did not label that Crude MCHM was corrosive or that Crude MCHM was not safe for its intended use in dealing with Freedom Industries.

22. Defendant failed to warn Plaintiffs of the hazards associated with the storage of such Crude MCHM.

23. Plaintiffs contend Freedom Industries, General Claimants and Spill Claimants were damaged as a proximate result of Defendant's actions.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray for a Jury Trial and for the following relief:

1. An award of damages for Freedom Industries, Spill Claimants and General Claimants who suffered losses as a result of Defendants' conduct, acts, or omissions;

2. An award of damages or mechanism for recovery for Freedom Industries, Spill Claimants and General Claimants who incurred costs for out-of-pocket expenses as a result of the Defendant's conduct, acts, or omissions;

3. An award of damages or mechanism for recovery for Freedom Industries, Spill Claimants and General Claimants to compensate for personal injury;

4. An award of damages or mechanism for recovery to fully compensate the Freedom Industries, Spill Claimants and General Claimants for loss of use and enjoyment of property, annoyance, nuisance;

5. An award of damages for lost wages for Freedom Industries, Spill Claimants and General Claimants;

6. An award of punitive damages for all Freedom Industries, Spill Claimants and General Claimant who were exposed to Crude MCHM;

7. Prejudgment and post-judgment interest;

8. Statutory damages for attorney fees and litigation costs;

9. Such other relief as the Court or Jury may deem appropriate.

ROBERT L. JOHNS, in his capacity as
GC Plan Administrator and as Spill Claim
Plan Administrator for Freedom Industries, Inc.,
and FREEDOM INDUSTRIES, INC.
By Counsel

_____
Anthony J. Majestro (WVSB 5165)
J.C. Powell (WVSB 2957)
Powell & Majestro, PLLC
405 Capitol Street, Suite P1200
Charleston, WV 25301
Phone: 304-346-2889
Fax:    304-346-2895

Brian R. Blickenstaff (WVSB 9449)
Turner & Johns, PLLC
216 Brooks Street, Suite 200
Charleston, WV 25301
Phone: 304-720-2300
Fax:    304-720-2311

6