IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**ROBERT L. JOHNS,**
in his capacity as GC Plan Administrator
and as Spill Claim Plan Administrator
for Freedom Industries, Inc., and
**FREEDOM INDUSTRIES, INC.,**
a domestic corporation,

      **Plaintiffs**

                  v.                            Civil Action No.: 2:16-cv-01775

**EASTMAN CHEMICAL COMPANY,**
a Delaware Corporation,

      **Defendant**

## REPORT OF PARTIES' PLANNING MEETING

1. Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on <u>April 25, 2016</u>. Those participating were:

<u>Anthony J. Majestro, Esq.</u>  for plaintiff(s)

<u>Robert L. Massie, Esq.</u>  for defendant(s)

2. Pre-Discovery Disclosures. The parties will exchange by **May 16, 2016** the information required by Fed.R.Civ.P. 26(a)(1).

3. Plaintiff(s) should be allowed until **June 16, 2016** to join additional parties and until **June 16, 2016** to amend the pleadings. Defendant(s) should be allowed until **July 1, 2016** to join additional parties and until **July 1, 2016** to amend the pleadings.

4. Discovery Plan. The parties jointly propose to the court the following discovery plan:

   Discovery will be needed on the following subjects:

   All issues set forth in the Complaint and defenses thereto.

Disclosure of electronically stored information should be handled as follows:

Disclosure of electronically stored information ("ESI") will be managed as follows:

   a) Scope of collection/review/production:

      1) Each party has identified internally, based on a good faith investigation, key custodians of ESI, who will be identified as called for in response to specific document requests as persons likely to have discoverable information, even if they have not been identified in initial disclosures as persons with information the party may use to support its claims or defenses.

      2) The parties agree that date range limitations on document production will be negotiated on a per-request basis.

      3) No corporate party will be required to search for relevant information on secondary sources of electronic media such as personal home computers or hand-held devices *except* where the party knows or should reasonably know, without review of the secondary source information itself, that the secondary source includes directly relevant material that is not duplicative of material otherwise produced.

   b) Format of production.  The parties will attempt to agree to an *Agreed Order Regarding Form of Production* regarding the collection and production of electronically stored information ("ESI") and hard copy documents (collectively "Data"), which are to be produced electronically.

The parties will attempt to agree to an order regarding claims of privilege or of protection as trial-preparation material asserted after production, as follows:

The parties will attempt to reach agreement on a *Rule 502(d) Order* (attached as) providing that the inadvertent disclosure of any document that is subject to a legitimate claim that the document should have been withheld from disclosure shall not waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document in this or in other federal and state proceedings as long as the producing party, upon becoming aware of the disclosure, promptly requests its return.  See Rule 502(d), Rule 502(e), and related Advisory Committee Notes.

The parties jointly acknowledge that data produced in this case may reflect confidential business information and personal identifying information deserving of protection under this Court's form Protective Order and will attempt to agree to that such an order be entered.

This action __is__ suitable for designation as a complex case requiring special case management procedures and additional pretrial conferences.  If the parties and attorneys believe that the case is complex, the basis for that belief is:

**Complex case**

The last date to serve discovery requests is __November 20, 2016__. The last date on which to take a discovery deposition is 45 days after the last date to serve discovery requests. The last date on which to take a discovery position is known as the "discovery completion date." [Discovery on __all issues__ to be completed by __December 31, 2016__.]

The parties __do__ adopt the discovery limits set forth in the Federal Rules of Civil Procedure. If the parties and attorneys believe that more discovery is needed, the basis for that belief is:

Reports from retained experts under Rule 26(a)(2) due:

By the party with the burden of proof on an issue: __August 30, 2016__;
By the party not bearing the burden of proof on an issue: __September 30, 2016__; and
Expert witness disclosures intended solely to contradict or rebut evidence on the same issue identified by another party: __October 15, 2016__.

5. Magistrate judges will resolve discovery disputes. The parties **do not consent** to have a United States magistrate judge conduct any and all further proceedings in the case, including trial, and order the entry of a final judgment.

6. Mediation shall take place on or before __December 31, 2016__.

7. Potential dispositive motions shall be filed by __February 1, 2017__, with responses and replies filed according to the Local Rules.

8. The parties request a pretrial conference in __May 2017__.
The plaintiff(s) shall submit a proposed pretrial order to defendant(s) on or before __April 14, 2017__.
The defendant(s) shall compile a proposed integrated pretrial order and submit it to chambers of the presiding judicial officer on or before __April 28, 2017__.

9. Where applicable, proposed jury instruction shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before __April 28, 2017__.

10. Where applicable, proposed findings of fact and conclusions of law shall be exchanged and transmitted to chambers of the presiding judicial officer in Microsoft Word format on or before __April 28, 2017__.

11. A final settlement conference will take place on __May 2017__.

12. The case should be ready for trial by __June 2017__, and at this time is expected to take approximately __14__ days.

The parties __request__ a conference with the court before entry of the scheduling order.


/s/ Anthony J. Majestro
Anthony J. Majestro, Esq. (WV Bar No. 5165)
POWELL & MAJESTRO, PLLC
405 Capitol Street, Suite 1200
Charleston, WV 25301
Telephone: (304) 346-2889
Facsimile: (304) 346-2895
amajestro@powellmajestro.com
**COUNSEL FOR PLAINTIFFS**



/s/ Robert L. Massie
Marc E. Williams (WV Bar No. 4062)
Robert L. Massie (WV Bar No. 5743)
Melissa Foster Bird (WV Bar No. 6588)
**NELSON MULLINS RILEY &
SCARBOROUGH LLP**
949 Third Ave., Suite 200
Huntington, WV 25701
Phone:  (304) 526-3501
Fax:  (304) 526-3541
Email:  marc.williams@nelsonmullins.com
Email:  bob.massie@nelsonmullins.com
Email:  melissa.fosterbird@nelsonmullins.com
**COUNSEL FOR DEFENDANT
EASTMAN CHEMICAL COMPANY
COUNSEL FOR DEFENDANT
EASTMAN CHEMICAL COMPANY**