```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**ROBERT L. JOHNS, in his capacity
as GC Plan Administrator and as
Spill Claim Plan Administrator for
FREEDOM INDUSTRIES, INC., a
domestic corporation**

    Plaintiff,

v.                                CIVIL ACTION NO. 2:16-01775

**EASTMAN CHEMICAL COMPANY,
a Delaware corporation,**

    Defendant

## MEMORANDUM OPINION AND ORDER

Pending are defendant's motion to dismiss, ECF No. 3, filed March 1, 2016, and plaintiff's alternative motion for leave to amend, ECF No. 11, filed May 9, 2016.

### I. Background

On January 9, 2014, a chemical mixture leaked from a storage facility owned and operated by Freedom Industries ("Freedom") into the Elk River. The leak resulted in contamination of West Virginia American Water Company's water treatment plant and interruption in water service for residents of the surrounding area. The leaked mixture contained, along with other chemicals, 4-methylcyclohexane methanol, commonly

referred to as "Crude MCHM." The Crude MCHM was manufactured and sold to Freedom by defendant Eastman Chemical Company ("Eastman").

As a result of the spill, Freedom incurred significant remediation expenses as well as loss of income. Freedom filed for Chapter 11 Bankruptcy on January 17, 2014, and a Chapter 11 plan ("Plan") was confirmed by the United States Bankruptcy Court for the Southern District of West Virginia on October 6, 2015. Plaintiff Robert L. Johns was appointed to serve as the GC Plan Administrator and Spill Claim Plan Administrator of Freedom. Under the terms of the Plan, plaintiff has the authority to pursue those claims and causes of actions retained by Freedom. Of relevance here, Section 11.6 of the Plan ("Retention of Causes of Action") provides, in pertinent part, that the Spill Claim Plan Administrator:

> [S]hall have the exclusive right to enforce and shall retain, all Causes of Action of the Debtor and the Estate against any Persons, including, without limitation, Claims or Causes of Action arising from or relating [to] the Incident.

The "Incident" is defined as "the occurrence whereby on January 9, 2014, a substance primarily consisting of [Crude MCHM] was released from Tank No. 396 at the [Freedom facility] onto the facility and into the Elk River in Charleston, WV." Plan, ECF No. 1-5, § 1.53.

Plaintiff filed his original complaint in Kanawha County Circuit Court on January 19, 2016, and his amended complaint on January 25.  The amended complaint asserts that Eastman knew of certain hazardous properties of Crude MCHM, including that Crude MCHM was corrosive to carbon steel and hazardous to human health, and that Eastman failed to disclose these properties to Freedom.  Because Freedom was unaware of the corrosive nature of Crude MCHM, it stored the chemical in a carbon steel tank, resulting in the failure of the tank and chemical spill.  The amended complaint contains six claims against Eastman: 1) breach of contract; 2) breach of warranty; 3) fraud; 4) product liability; 5) negligence; and 6) punitive damages.  Defendant removed the case to this court on February 23, 2016.  On March 1, 2016, defendant filed the now pending motion to dismiss.  The motion seeks dismissal of every claim, asserting that:

> 1) the Plan failed to preserve Freedom's claims against defendant, and that all claims are thus barred by res judicata;
>
> 2) plaintiff's fraud, product liability, and negligence claims are barred by the statute of limitations;
>
> 3) plaintiff has failed to allege a sufficient factual

    basis for a breach of contract claim;

  4) plaintiff has failed to allege a sufficient factual basis for a breach of warranty claim;

  5) plaintiff has failed to plead its fraud claim with particularity; and

  6) that all of plaintiff's claims are disguised claims for implied indemnification, and that Freedom's fault in the spill precludes recovery on such a claim.

## II. Standard

Federal Rule of Civil Procedure 8(a)(2) requires that a pleader provide "a short and plain statement of the claim showing ... entitle[ment] to relief."  Fed.R.Civ.P. 8(a)(2); <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted."  Fed.R.Civ.P. 12(b)(6).  The required "short and plain statement" must provide "'fair notice of what the ... claim is and the grounds upon which it rests.'"  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 545 (2007) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957), overruled on other grounds, <u>Twombly</u>, 550 U.S. at 563).  In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); see also *Monroe v. City of Charlottesville*, 579 F.3d 380, 386 (4th Cir. 2009). The court must also "draw[ ] all reasonable ... inferences from th[e] facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999).

### III. Analysis

1. Plaintiff's claims are not barred by res judicata.

A bankruptcy court's confirmation of a chapter 11 plan is treated as a final judgment with res judicata effect. *In re Varat Enterprises, Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996). Thus, parties may be precluded from raising issues or claims post-confirmation that could have been raised prior to confirmation. *Id*. However, a debtor may choose to retain causes of action for post-confirmation enforcement in its bankruptcy plan. *In re Kmart Corp.*, 310 B.R. 107, 119 (Bkrtcy N.D. Ill 2004).

Section 11.6 of Freedom's chapter 11 Plan purported to reserve all claims or causes of action "arising from or relating [to] the Incident." Defendant asserts that this provision did not properly preserve Freedom's right to pursue claims against

defendant, because it does not precisely delineate the category or type of claim preserved. Defendant argues that, while Bankruptcy Code § 1123(b)(3)(B) provides an exception to the res judicata effect of a confirmed chapter 11 plan, a general reservation of litigation rights is not sufficient where the defendant was a previously named creditor. In re Air Cargo, Inc., 2008 WL 2415039 at *5 (D. Md. June 11, 2008).

Regarding the content of a Chapter 11 bankruptcy plan, 11 U.S.C. § 1123(b)(3) states that a plan may provide for:

> A) the settlement or adjustment of any claim or interest belonging to the debtor or to the estate; or
>
> B) the retention and enforcement by the debtor, by the trustee, or by a representative of the estate appointed for such purpose, of any such claim or interest;

The chapter does not indicate what language or degree of specificity is required to preserve a claim. The purpose of the provision is to "put creditors on notice of any claim [the debtor] wishes to pursue after confirmation and enable creditors to determine whether the proposed [p]lan resolves matters satisfactorily before they vote to approve it." In re Texas Wyoming Drilling, Inc., 647 F.3d 547, 550 (5th Cir. 2011).

Though courts generally agree that a blanket reservation of "all claims" is insufficient to preserve a claim, see In re SI Restructuring Inc., 714 F.3d 860, 864 (5th Cir.

6

2013); D & K Properties Crystal Lake v. Mutual Life Ins. Co. of New York, 112 F.3d 257, 261 (7th Cir. 1997); In re Kelley, 199 B.R. 698, 704 (9th Cir. BAP 1996), they vary as to the exact level of specificity required.  Some courts have found general reservations by "type" or "category" of claim is sufficiently specific.  See e.g. In re Bankvest Capital Corp., 375 F.3d 51, 59 (1st Cir. 2005); Matter of P.A. Bergner & Co. v. Bank One, Milwaukee, N.A., 140 F.3d 1111, 1117 (7th Cir. 1998); Teligent, Inc. v.  BLR Services SAS, 307 B.R. 744, 747-48 (Bankr. S.D.N.Y. 2004); see also Collier on Bankruptcy, Sixteenth Edition § 548.02[6] (noting that "The emerging majority of courts...hold that plan language is sufficient if it refers to types or categories of actions without naming specific transactions or specific defendants, at least if there is no conscious attempt to mislead or deceive.").  One circuit court, however, has held that a blanket reservation of a category of claims is insufficient to defeat the application of the doctrine of res judicata.  See Browning v. Levy, 283 F.3d 761, 774-75 (6th Cir. 2002) (finding language that debtor "shall retain and may enforce any claims, rights, and causes of action that the Debtor or its bankruptcy estate may hold against any person or entity, including, without limitation, claims and causes of action arising under section 542, 543, 544, 547, 548, 550, or 553 of the Bankruptcy Code" insufficient to preserve claims).

7

Defendant argues that Freedom's bankruptcy plan should have specifically reserved each cause of action it intended to bring (i.e., specifically stated that it reserved claims for negligence, product liability, breach of contract, etc.) in order to provide sufficient notice to defendant. The Fourth Circuit Court of Appeals does not appear to have had opportunity to address the level of specificity required to preserve a claim under 11 U.S.C. § 1123(b)(3). The court, however, believes the standard proposed by the defendants to be excessively onerous. The court finds persuasive the reasoning of <u>In re Railworks Corp.</u>, 325 B.R. 709, 717 (Bankr. D. Md. 2005), wherein the court noted that the underlying effect of 11 U.S.C. § 1123(b)(3) is to "expedite confirmation and the rehabilitation of the debtor" and thus concluding that a blanket reservation of a type or category of claim is sufficient. <u>See also</u> <u>In re Greater Southeast Community Hospital Corp.</u>, 333 B.R. 506, 533 (Bankr. D.D.C. 2005) ("[A]s numerous bankruptcy courts have pointed out, it would be far more onerous and detrimental to the confirmation process to require a 'specific description of every claim the debtor intends to pursue.'").

The court believes that the Plan provided specific retention of claims sufficient to foreclose res judicata. Section 11.6 of the Plan ("Retention of Causes of Action")

clearly indicates that the Plan Administrator retained all "Claims or Causes of Action arising from or relating [to] the Incident." Section 1.15 of the Plan defines "Causes of Action" to include, among others, claims arising in contract, tort, and under state law. The Plan's identification of both the general categories of claims to be brought as well as the general factual basis from which such claims arise (i.e., causes arising from or relating to the chemical spill) permits little doubt as to the claims it intended to preserve. Moreover, defendant cannot plausibly claim that such unambiguous reference to the events of the spill failed to put defendant on notice of debtor's potential claims. The court finds that plaintiff's claims are not barred by res judicata.

    2. Plaintiff's fraud, product liability, and negligence claims are not barred by the statute of limitations.

      Under West Virginia law, the statute of limitations for fraud, negligence, and products liability claims is two years. See Trafalgar House Const., Inc. v. ZMM, Inc., 211 W.Va. 578, 567 S.E.2d 294, 299 (2002) (fraud and negligence); Hickman v. Grover, 178 W.Va. 249, 358 S.E. 2d 810, 812 (1987) (products liability). Additionally, 11 U.S.C. § 108(a) provides that, where a statute of limitations has not expired before the date of filing of a bankruptcy petition, the trustee may commence a

9

cause of action before: 1) the end of the statute of limitations, or 2) two years after the date the debtor filed for bankruptcy, whichever is later. Thus, defendant asserts that plaintiff's claims expired on January 17, 2016, two years after Freedom filed for bankruptcy. Under Rule 6 Fed. R. Civ. P., however, where a time period concludes on a Sunday or legal holiday, and the statute does not specify a method of computing time, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

The court notes that January 17, 2016 was a Sunday, and January 18, 2016 was the federal holiday of Martin Luther King, Jr. Day. Because plaintiff's claims did not expire until January 19, 2016, and plaintiff filed its complaint on January 19, 2016, plaintiff's claims are not time-barred.

3. Plaintiff has sufficiently plead claims for breach of contract and breach of warranty.

Regarding the claim for breach of contract, plaintiff states that Eastman breached an implied contractual duty of good faith and fair dealing that neither party would do anything to destroy or injure the right of the other party to receive the benefit of their contract. Regarding its breach of warranty claim, the amended complaint states merely that Eastman "breached its warranty that the product was safe for its

intended use to the Plaintiff[]" and that "as a proximate result of Defendant's breach of warranty, Freedom Industries was damaged..." Curiously, plaintiff's response asserts that the breach of contract claim is premised on a breach of express and implied warranties, and does not discuss breach of duties of good faith and fair dealing.

Defendant asserts that plaintiff's breach of contract claim must be dismissed because plaintiff has failed to identify an express provision of the contract which defendant allegedly breached. Similarly, defendant argues that plaintiff's warranty claims must be dismissed because plaintiff has failed to plead sufficient facts from which either an express or implied warranty might be inferred.

To state a breach of contract claim under Rule 12(b)(6), a plaintiff must allege: 1) the existence of a valid contract; 2) that plaintiff has performed under that contract; 3) that defendant breached or violated its duties under that contract, and 4) that plaintiff was injured as a result. Executive Risk Indem., Inc. v. Charleston Area Medical Center, Inc., 681 F.Supp.2d 694, 721 (S.D.W.Va. 2009). In evaluating a motion to dismiss under Rule 12(b)(6), the court must "draw[] all reasonable ... inferences from th[e] facts in the plaintiff's favor..." Edwards, 178 F.3d at 244. Plaintiff's

11

amended complaint alleges facts from which the existence of contracts of sale between Eastman and Freedom can be inferred. See Amended Complaint, ECF No. 1-2, at ¶ ¶ 6, 12, 24, 26.  And though lacking in precision, plaintiff's complaint appears to assert that, by failing to disclose corrosive properties of Crude MCHM and other potential hazards, defendant breached a warranty under the contract and the implied duty of good faith and fair dealing.  See Amended Complaint, ECF No. 1-2, at ¶ ¶ 6, 17a, 17b, 25, 27).  Thus, the court finds that plaintiff has sufficiently alleged a breach of contract.

Plaintiff has also sufficiently stated a claim for breach of an implied warranty of merchantability, independent of its contract claim.  Section 46-2-314 of the West Virginia Code states "a warranty that the goods shall be merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind."  For goods to be "merchantable," they must be "fit for the ordinary purposes for which such goods are used," id. § 46-2-314(2)(c), and "adequately contained, packaged, and labeled as the agreement may require," id. § 46-2-314(2)(e).  Though the West Virginia Supreme Court of Appeals has not opined on the issue, this court has previously concluded that the supreme court would likely recognize a cause of action for breach of an implied warranty

based on a failure to warn/inadequate labeling theory. <u>Michael v. Wyeth, LLC</u>, Civ. No. 2:04-0435, 2011 WL 2150112 at *5-6 (S.D.W.Va. May 25, 2011). Because plaintiff alleges that Eastman failed to disclose information about the corrosivity and other hazards of Crude MCHM to Freedom resulting in a chemical spill and other damages to Freedom, the court finds that plaintiff has sufficiently plead a claim for breach of an implied warranty.

 4) Plaintiff has failed to plead fraud claims with particularity as required by Rule 9(b), Fed. R. Civ. P.

 Rule 9(b), Fed. R. Civ. P. requires that, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Under the heightened pleading standard of Rule 9(b), a plaintiff asserting fraud must allege the "time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." <u>Harrison v. Westinghouse Savannah River Co.</u>, 176 F.3d 776, 784 (4th Cir. 1999), quoting 5 Charles Alan Wright and Arthur R. Miller, <u>Federal Practice and Procedure: Civil</u> § 1297, at 590 (2d ed. 1990).

 Though plaintiff asserts that defendant failed to advise Freedom of corrosive properties and other hazards of

Crude MCHM, the complaint is devoid of specific details concerning the content, dates, or place of false representations.  Plaintiff argues that a relaxed 9(b) standard is appropriate in this instance because plaintiff is asserting fraudulent omission of material facts and because, assertedly, defendant is aware of those facts alleged to constitute fraud.  While a plaintiff is not required to "know every detail before he or she could plead fraud," <u>United States v. Kensington Hosp.</u>, 760 F.Supp. 1120, 1125 (E.D. Pa. 1991), the plaintiff must at least provide fair notice of plaintiff's claim to allow defendant to prepare a defense.  See <u>DiVittorio v. Equidyne Extractive Industries, Inc.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987) (goal of Rule 9(b) is to provide fair notice to defendants).  Plaintiff's fraud claim will be dismissed unless plaintiff files on or before April 20, 2017, an amended fraud claim in compliance with Rule 9(b).

    5) Plaintiff does not assert implied indemnification.

    Finally, defendant argues that <u>all</u> of plaintiff's claims are "merely indemnity claims by another name."  Because, defendant asserts, Freedom was partially at fault for the chemical spill, plaintiff cannot recover under an implied indemnity theory.  Defendant fails to articulate any discernable argument against the content of plaintiff's claims.  Rather,

defendant takes issue with the amount of damages sought by plaintiff.

For the reasons discussed previously, the court finds that plaintiff has sufficiently plead claims for breach of contract and breach of warranty.  Regarding plaintiff's negligence claim, the plaintiff has alleged that defendant owed a duty to warn Freedom regarding the hazards of Crude MCHM, that defendant failed to warn Freedom of such hazards, and that Freedom's damages were proximately caused by defendant's actions.  Plaintiff has thus sufficiently plead a claim for negligence.  See <u>Wheeling Park Commission v. Dattoli</u>, 237 W.Va. 275, 787 S.E. 2d 546, 551 (2016) (elements of negligence are duty, breach, causation, damages).  Regarding plaintiff's product liability claim, plaintiff has alleged that defendant manufactured Crude MCHM, that Crude MCHM was corrosive and not safe for its intended use, that defendant did not warn Freedom of the hazards of Crude MCHM, and that Crude MCHM caused corrosion in Freedom tanks and the resultant chemical spill. These facts sufficiently assert a claim for product liability. <u>See</u> <u>Dunn v. Kanawha County Bd. of Educ.</u>, 194 W.Va 40, 459 S.E. 2d. 151, 157 (1995) (elements of product liability claim are: 1) product was defective when it left the manufacturer; and 2) defective product was proximate cause of injury to plaintiff);

see also Morningstar v. Black and Decker Mfg. Co., 162 W.Va. 857, 253 S.E. 2d 666, 682 (1979) (claims for failure to adequately label, instruct, or warn cognizable under use defectiveness theory of products liability).

Finally, for a plaintiff to recover punitive damages, a defendant's conduct must involve "gross fraud, malice, oppression, or wanton, willful, or reckless conduct or criminal indifference to civil obligations..." Syllabus Point 4 Mayer v. Frobe, 40 W.Va. 246, 22 S.E. 58 (1895). The court finds that the plaintiff's complaint contains sufficient factual allegations such that a jury could determine that defendant's conduct was wanton, willful, or reckless so as to entitle plaintiff to punitive damages. Thus, plaintiff has sufficiently plead a claim for punitive damages.

## IV. Conclusion

It is, accordingly, ORDERED that defendant's motion to dismiss, ECF No. 3, is granted as set forth above as to plaintiff's fraud claim, and it is otherwise denied. Plaintiff's alternative motion to amend, ECF No. 11, is granted to the extent that plaintiff may file an amended fraud claim.

**The Clerk is directed to forward copies of this order to all parties.**

**DATED: March 31, 2017**

**John T. Copenhaver, Jr.
United States District Judge**